IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No: 3:07-1521-JFA |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DEONTA LAMONT CARPENTER | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the court upon the motion by defendant Deonta Carpenter to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

BACKGROUND

Mr. Carpenter was charged in this district with armed bank robbery in violation of 18 U.S.C. § 2113 (a) and § 2113 (d) and using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).

The charges arose out of the robberies of the Bank of America and the South Carolina Community Bank, both in the Sumter area. The robberies occurred on November 4, 2004 and August 17, 2006 respectively.

Prior to trial, Carpenter indicated he would present an insanity defense and the government moved to require the defendant to present evidence of an insanity defense. Also prior to trial, the government moved for a competency examination. That examination found Carpenter to be competent to stand trial and determined that he was competent at the time of the commission of the crime. In addition, the examination found that Carpenter was malingering.

1

Shortly before trial, the court-appointed defense attorney, Assistant Federal Public Defender Jimmy Rogers, moved for a second competency hearing. The court, though not required to do so, granted this motion. This examination yielded the same conclusion as the first that Carpenter was in fact competent to stand trial and competent at the time of the commission of the offense.

The trial began on February 17, 2009. The defense signaled its intent to raise a competency defense. The trial proceeded for two days. During that time, witnesses refuted Carpenter's claims about hearing voices. Carpenter subsequently announced his intention to plead guilty. The court conducted its standard Rule 11 colloquy. Because the issue of competency had been raised, the court conducted a detailed competency examination during the plea colloquy. The court asked Carpenter a number of questions concerning current events and was able to enter into an intelligent conversation with Carpenter. The court did not specifically inquire if Carpenter was currently hearing voices. After confirming that the defendant was fully apprised of his rights, the court proceeded with the guilty plea. Carpenter pleaded guilty to armed bank robbery, as defined by 18 U.S.C. §§ 2113(a) and 2113(d), and the use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence, 18 U.S.C. § 924(c)(I).

At sentencing, Carpenter argued that he should receive a downward departure for diminished mental capacity. Testimony at the hearing, however, undermined the defendant's assertions. For example, Carpenter's own cousin testified that Carpenter had claimed to hear voices all of his life and had used that as an excuse for his behavior. The court found that

2

Carpenter did not suffer from a significantly reduced mental capacity. Even though Carpenter had gone to trial, the court awarded acceptance of responsibility to Carpenter in calculating his sentencing guidelines. The court then sentenced him to 328 months imprisonment, comprised of 244 months for the armed bank robbery and 84 months for firearms charge under § 924(c). Judgment was entered on November 3, 2009. Carpenter did not file a direct appeal.

Carpenter filed his initial § 2255 motion on November 4, 2010 (ECF No. 518). Carpenter was permitted to amend this motion, and he has filed several amended versions. The court ordered that ECF No. 564 would be treated as Carpenter's final § 2255 motion. The government has filed a motion for summary judgment and response in opposition to Carpenter's § 2255 motion. Carpenter's motion was supplemented by a memorandum in support drafted by his new counsel, Jan Strifling, appointed for the hearing on this petition (ECF No. 581).

Carpenter's motion raises grounds for relief in three areas. First, he asserts a violation of due process because the court did not evaluate his competency to plead guilty. Carpenter asserts that his counsel was ineffective for not advising the court that a competency hearing was needed prior to the guilty plea. Second, he alleges that his counsel was deficient for failing to file a direct appeal. Finally, Carpenter alleges that he was convicted in violation of the Double Jeopardy Clause of the Constitution because he was convicted of both armed bank robbery and possession of a firearm in furtherance of a crime of violence.

Under established Fourth Circuit precedent,[1] the claim that counsel was deficient for failing to file a direct appeal triggered the obligation of the court to appoint counsel and conduct an evidentiary hearing for a factual determination on this issue.

STANDARD OF REVIEW

In order to prevail on an ineffective assistance claim, the defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89. In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The

---

[1] *See Roe v. Flores-Ortega*, 528 U.S. 470, 4706-77 (200); *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000).

party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

"The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.*

Because the petitioner/defendant is acting pro se, the documents that he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

As an initial matter, the court will discuss Carpenter's claim that his counsel was deficient for failing to file a direct appeal. At the evidentiary hearing on September 20, 2011, the court heard sworn testimony from both Deonta Carpenter and Mr. James Rogers, his court-appointed trial attorney . The court finds as a matter of fact that following the guilty plea there was a discussion between Mr. Carpenter and Mr. Rogers at the correctional facility where Mr. Carpenter was being held. After hearing the testimony and weighing the credibility of witnesses, the court finds that the prospects of an appeal were discussed and that Mr. Carpenter left it in Mr. Roger's hands whether or not to take an appeal. Mr. Carpenter testified consistently with Mr. Rogers that there was no absolute imperative to take an appeal.

Mr. Rogers indicated that in his professional opinion an appeal would not be well taken in this case. Moreover, an appeal could have been ill-advised because Carpenter benefitted from this court's benevolence in reducing his offense level for acceptance of responsibility, despite the fact that the court went through two days of trial testimony. Such an appeal could have prompted a cross-appeal by the government and possibly resulted in a higher guideline range if Carpenter were re-sentenced.

On this record, this court does not find any ineffective assistance of counsel on the part of Mr. Rogers for failing to take an appeal. The decision was left in his hands, and he determined that there were no grounds for appeal. Accordingly, the court finds as a matter of fact that there was no specific request to take an appeal and, therefore, no ineffective assistance of counsel.

Carpenter also raises several issues regarding his competency to plead guilty. First, he claims a violation of due process because the court did not evaluate his competency to plead guilty. After a review of the entire record, the court does not accept Carpenter's testimony that he was hearing voices at the time of his guilty plea. The court finds that there was a full and complete evaluation of competency prior to taking the guilty plea. These evaluations included examinations by two licensed physicians. Therefore, the court finds no violation of due process.

The second issue involving Carpenter's competency is a claim of ineffective assistance of counsel for his counsel's failure to advise the court that a competency hearing

was needed. The court finds that the claim fails on its merits because a competency hearing was not in fact needed.

Finally, Carpenter makes two claims for violation of the Double Jeopardy clause of the Constitution. First, he claims that his plea to both armed bank robbery, U.S.C. §§ 2113(a) and 2113(d), and the firearms charge, 18 U.S.C. § 924(c)(1), violate the Constitution's bar against double jeopardy. The imposition of both charges does not constitute double jeopardy. *See United States v. Jollivette*, 257 F.3d 581, 587 (6th Cir. 2001) (holding that cumulative punishments for violations of both 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c) do not violate the Constitution's prohibition against double jeopardy). As a result, the plea to both offenses does not violate the Double Jeopardy clause.

Carpenter amended his petition to assert a second claim for a violation of the Double Jeopardy clause. Carpenter contends that he was convicted of both 18 U.S.C. § 2113(a) and § 2113(d). Section 2113(a) is the bank robbery statute and § 2113(d) is the armed bank robbery statute. Section 2113(d) provides, in part, for enhanced penalties if a weapon is brandished during the commission of the § 2113(a) bank robbery offense. Section 2113(d), therefore, incorporates by reference the offense as described in § 2113(a) to outline the offense of armed bank robbery. As a result, the two subsections have an integral and complimentary relationship. The court finds that Carpenter was not convicted and sentenced for two separate offenses; he was convicted of armed bank robbery. The court finds that the double jeopardy claim lacks merit.

Having carefully considered all of the allegations raised in the § 2255 petition, and

after a full review of the record produced at the evidentiary hearing, the court concludes that none of the claims asserted by Carpenter has merit. Accordingly, the petition is denied.

For the reasons contained herein, defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied, and the government's motion for summary judgment is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

Defendant's motion to reconsider (ECF No. 586), filed before this order was entered, raises no new issues. It is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 21, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).